## Jacob D. Brown *versus* Sewall Crockett.

If horses, neat cattle, &c. are attached, and "are suffered by the officer making such attachment to remain in the possession of the debtor on security given for the safe keeping or delivery thereof, to such officer," under the provision of St. 1821, c. 60, § 34. (Rev. St. c. 114, § 37,) and are afterwards attached by another officer on another writ, and removed, the first attaching officer, if prejudiced thereby, may maintain a suit for the removal of the property; but the owner cannot, either as bailee of the first officer or as receiptor to him for the property, support an action of replevin in consequence thereof against the second attaching officer or his bailee.

Replevin for a horse. From a statement of facts by the parties, it appeared that on Jan. 16, 1839, the horse was the property of the plaintiff, and was on that day attached as his property by Cousens, a deputy sheriff, on a writ in favor of Pierce against Brown. Cousens immediately " delivered the horse back again to the plaintiff, and took a receipt therefor." Pierce recovered judgment, took out his execution and delivered it to an officer, who within thirty days demanded the horse of the receiptors, and they neglected to deliver him to the officer. Cousens brought an action on the receipt and obtained judgment against the receiptors for the value of the

horse. It did not appear at what time this judgment was recovered, nor whether it was or was not satisfied ; nor whether Brown did or did not sign the receipt.

On April 17, 1839, Carey, a deputy sheriff, attached the same horse, then in possession of the plaintiff, as his property, on a writ in favor of Welch against him, and this suit was pending at the time the statement of facts was made. When Carey made his attachment he took the horse from the possession of the plaintiff, and put the same into the possession of the defendant as the servant of Carey. In May, 1839, the plaintiff demanded the horse of Crockett, who then had him in his keeping, and he refused to deliver him. The plaintiff brought this action of replevin on June 3, 1839. A nonsuit or default was to be entered, as the opinion of the Court should be.

*Dunn*, for the plaintiff.

The attachment made by Cousens was in full force, and was duly preserved. St. 1821, c. 60, § 34; *Woodman v. Trafton*, 7 Greenl. 178. The statute permits the property, when receipted for, to be left in possession of the defendant.

This horse, being under an attachment by one deputy sheriff, was not liable to be attached and taken away by another, and Carey was a trespasser in so doing.

The plaintiff is the owner of the horse, and having actual possession he may retain it against all persons but the first attaching officer, and may maintain this action. *Denny v. Willard*, 11 Pick. 519.

Even if the second attachment was properly made, it had ceased to have any force when this suit was brought. The case shows that the property was wholly consumed by the first attachment, as the officer recovered judgment against the receiptors for the full value of the horse. The second attachment is necessarily to the prejudice of the first, which the statute does not permit. St. 1821, c. 60, § 34.

*Codman & Fox* argued for the defendant, contending, that the plaintiff could not recover, because no person can replevin his own property from an officer who has attached it as his. The

form of the writ of replevin, (St. 1821, c. 63, § 9,) provides expressly, that the property to be replevied shall not have been attached as the property of the plaintiff in replevin. The St. 1820, c. 60, § 34, does not militate with this position. That only provides, that as it respects the first attaching officer, the attachment shall not be lost by suffering that description of property to remain in the possession of the debtor. It gives no new rights to the debtor, and it takes none from him. *Woodman* v. *Trafton*, 7 Greenl. 178. Nor could the plaintiff, as one of the receiptors for the horse, maintain replevin. 9 Mass. R. 266 and 104.

The opinion of the Court was drawn up by

TENNEY J. — This is an action of replevin brought for property, the general ownership of which was in the plaintiff. It had been attached on a writ and bailed by the officer to the defendant. One ground on which the suit is attempted to be supported is, that the same property having been before attached on another writ and by another officer, and having been permitted to go back into the hands of the plaintiff, on his giving a receipt therefor, it was not subject to the last attachment; and in support of this position, c. 60, § 34 of the statutes of 1821 is relied upon.

As the law was before that statute, personal property attached on mesne process and permitted to remain in, or be returned to the possession of the debtor, could again be attached and held against the first attachment, especially if the creditor or the officer had no knowledge of the previous attachment. To prevent the expense which would materially diminish in many cases the net avails of a sale on the execution, and at the same time to secure the lien created for the creditor's benefit, the statute was probably enacted. But it alters the former law, no farther, than to preclude a creditor from attaching the same property subsequently, to the prejudice of the first attachment. It was never intended, we think, to prevent creditors from the exercise of any other before existing right. The possession being in the debtor, he can lawfully sell the

property, when under attachment, subject only to the lien thereby effected. *Denny* v. *Willard*, 11 Pick. 519. An attachment made subsequently by another officer may be a trespass upon the rights of the one who made the first, but is not an act of which the owner can complain, and will be a valid attachment, if yielded to by him who made the first. As bailee of the first officer, the plaintiff has no special property in the goods, and as owner he cannot replevy from the one, who holds them by authority of an attachment on a writ against him.

Again, it is insisted that as the officer, who made the first attachment, resorted to the security taken for a re-delivery of the property, it has thereby been consumed in discharging that debt, which it was taken to secure. The property has not been so consumed, even if the judgment recovered on the receipt had been discharged. If it had been taken and sold on the execution, it would have been so; but the officer was content to resort to the security of the receipt without availing himself of his privilege in seizing the property. If the execution was satisfied without a resort to the property attached, the attachment no longer existed, and the goods were those of the debtor freed from all claim, excepting that by authority of which the defendant held the possession before the present suit. The liability of the receiptor, or payment by him of the debt, does not by operation of law transfer the lien of the officer upon the property to the receiptor. The general ownership remains unchanged, unless a sale has taken place.

*The plaintiff must become nonsuited, and judgment for nominal damages and for a return.*